```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL O'TOOLE,
BENNY UMBRA, JOSEPH A. FERRARA, SR.,
FRANK H. FINKEL, MARC HERBST, DENISE
RICHARDSON, and THOMAS F. CORBETT, as
Trustees and fiduciaries of the Local
282 Welfare Trust Fund, the Local 282
Pension Trust Fund, the Local 282          MEMORANDUM & ORDER
Annuity Trust Fund, the Local 282          14-CV-0724(JS)(SIL)
Job Training Trust Fund, and the
Local 282 Vacation and Sick Leave
Trust Fund,

                       Plaintiffs,

        -against-

MECHANICAL INSULATION INC.,

                       Defendant.
----------------------------------------X
```

APPEARANCES

For Plaintiffs:   Jonathan Michael Bardavid, Esq.
                  Jael Dumornay, Esq.
                  Trivella & Forte, LLP
                  1311 Mamaroneck Avenue, Suite 170
                  White Plains, NY 10605

For Defendant:    No appearances.

SEYBERT, District Judge:

        Pending before the Court is (1) Plaintiffs' motion for default judgment (Docket Entry 9); and (2) Magistrate Judge Steven I. Locke's Report and Recommendation ("R&R"), recommending that this Court grant the motion for default judgment (Docket Entry 22). For the following reasons, the Court ADOPTS the R&R in its entirety,

BACKGROUND

Plaintiffs Thomas Gesualdi, Louis Bisignano, Anthony D'Aquila, Michael O'Toole, Benny Umbra, Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise Richardson, and Thomas F. Corbett, as Trustees and Fiduciaries of the Local 282 Welfare Trust Fund, Pension Trust Fund, Annuity Trust Fund, Job Training Fund, and Vacation and Sick Leave Trust Fund (collectively, "Plaintiffs") commenced this action on February 3, 2014 against defendant Mechanical Insulation Inc. ("Defendant"), seeking delinquent benefits contributions and related relief under the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act of 1947 ("LMRA"). On April 2, 2014, Plaintiffs filed an affidavit of service, affirming the Summons and Complaint were served on Defendant through the Secretary of State on February 20, 2014. (Docket Entry 5.) Defendant did not answer or otherwise respond to the Complaint, and Plaintiffs requested a Certificate of Default on April 25, 2014. (Docket Entry 6.) The Clerk of the Court certified Defendant's default on April 28, 2014. (Docket Entry 8.) On June 13, 2014, Plaintiffs moved for a default judgment. (Docket Entry 9.)

On June 25, 2014, the undersigned referred Plaintiffs' motion to Magistrate Judge William D. Wall for a report and recommendation as to "whether the pending motion should be granted and, if necessary, to determine the appropriate amount of damages,

2

costs, and/or fees to be awarded." (Docket Entry 16.)  On July 31, 2014, this case was reassigned to Magistrate Judge Steven I. Locke.

On January 22, 2015, Judge Locke issued his R&R.  (Docket Entry 22.)  The R&R recommends that the Court grant default judgment and award Plaintiffs $253,107.68 in damages, attorneys' fees, and costs as follows: (1) $183,426.40 in unpaid benefit contributions; (2) $28,344.24 in interest on unpaid benefit contributions, plus daily interest at a rate of $90.45 per day, through the date of entry of judgment; (3) $1,171.28 in interest on late paid benefit contributions; (4) $29,071.40 in liquidated damages on unpaid benefit contributions, plus additional liquidated damages accruing daily at a rate of $90.45 per day, through the date of entry of judgment; (5) $3,380 in liquidated damages on late paid benefit contributions; (6) $1,355 in audit fees; (7) $5,776.75 in reasonable attorneys' fees; and (8) $582.61 in costs. (R&R at 2-3, 28-29.)  The R&R further recommends that Plaintiffs' request for related injunctive relief be denied.  (R&R at 25-26.)

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face

3

of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Locke's R&R to be comprehensive, well-reasoned and free of clear error, and it ADOPTS the R&R in its entirety.

CONCLUSION

Judge Locke's R&R (Docket Entry 22) is ADOPTED in its entirety and Plaintiffs' motion for a default judgment (Docket Entry 9) is GRANTED. The Clerk of the Court is directed to enter judgment in favor of Plaintiffs and against Defendants as follows: (1) $183,426.40 in unpaid benefit contributions; (2) $28,344.24 in interest on unpaid benefit contributions, plus daily interest at a rate of $90.45 per day, through the date of entry of judgment; (3) $1,171.28 in interest on late paid benefit contributions; (4) $29,071.40 in liquidated damages on unpaid benefit contributions, plus additional liquidated damages accruing daily at a rate of $90.45 per day, through the date of entry of judgment; (5) $3,380 in liquidated damages on late paid benefit contributions; (6) $1,355 in audit fees; (7) $5,776.75 in reasonable attorneys' fees; and (8) $582.61 in costs. Plaintiffs' request for injunctive relief is

4

DENIED.  The Clerk of the Court is directed to mark this matter CLOSED.

                                            SO ORDERED.

                                        /s/ JOANNA SEYBERT
                                        Joanna Seybert, U.S.D.J.

Dated:    February __18__, 2015
            Central Islip, NY